1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY VIGIL and LORI VIGIL,          No.  2:14-cv-02383-KJM-CKD

12            Plaintiffs,

13        v.                                 ORDER AND ORDER TO SHOW CAUSE

14   WASTE CONNECTIONS, INC.,

15            Defendant.

16

17

18          Anthony and Lori Vigil brought this suit to recover damages for injuries Mr. Vigil

19   sustained when a steel pole fell from the defendant's garbage truck, broke through the Vigils'

20   windshield, and struck Mr. Vigil in the face.  Compl., Nguyen Decl. Ex. 1, at 5, ECF No. 5-3.

21   The defendant, Waste Connections, Inc., removed the action to federal court on the basis of

22   federal diversity jurisdiction.  Not. Rem. 3, ECF No. 1-1.  Mr. and Mrs. Vigil moved to remand

23   the case, arguing Waste Connections' removal was untimely.  Mot. Remand 1-2, ECF No. 5.

24   After considering the parties' briefing and reviewing the record, the court DENIES the motion to

25   remand.

26   I.       BACKGROUND

27          Mr. and Mrs. Vigil allege their injuries occurred on November 28, 2013, while

28   they were driving in North Platte, Nebraska.  Compl. at 5.  They filed a complaint on April 24,

1

1    2014, in Sacramento County Superior Court.  *Id.* at 1.  They allege causes of action in negligence,

2    negligence per se, and loss of consortium, *id.* at 4-7, and seek damages for lost wages, lost

3    earning capacity, lost use of their property, hospital and medical expenses, property damages, and

4    loss of consortium, *id.* at 3.  They do not seek punitive damages and specify no dollar amount of

5    their damages, requesting instead an amount "according to proof," *id.* at 3, but they filed their

6    case as an unlimited civil case, in which damages exceed $25,000, *id.* at 1.  Waste Connections

7    was served with the complaint on May 16, 2014.  Proof of Service of Summons, Mot. Remand

8    Ex. 2, at 1, ECF No. 5-3.  The state court denied its motions to transfer in July 2014, *see* Ngyuen

9    Decl. ¶ 7, ECF No. 5-2, and to quash summons in August 2014, *id.* ¶ 9.  Waste Connections

10   answered the complaint on August 1, 2014.  Answer, Nguyen Decl. Ex. 3, at 3, ECF No. 5-3.

11          Waste Connections removed this action on the basis of the court's diversity

12   jurisdiction.  Not. Removal ¶¶ 3-5, ECF No. 1-1.  According to the complaint, Waste Connections

13   is a corporation whose principal place of business is in California.  Compl. at 2.  Waste

14   Connections' deputy general counsel and assistant secretary, however, avers it is a Delaware

15   corporation with its principal place of business in The Woodlands, Texas.  Cloninger Decl.,

16   Kearns Decl. Ex. A, ¶¶ 1-2, ECF No. 6-1.  The complaint does not specify the Vigils' citizenship

17   or residence.  A motor vehicle accident report dated December 6, 2012, states the Vigils' address

18   is in North Platte, Nebraska.  Report, Nguyen Decl. Ex. 8, at 1, ECF No. 5-3.  Waste Connections

19   appears to have believed as early as August 1, 2014, that the Vigils were Nebraska citizens.  *See*

20   Mem. P.&A. Supp. Def.'s Mot. Quash, Nguyen Decl. Ex. 6, at 10, ECF No. 5-3 (urging the

21   California court to quash summons because the parties' residences were in Nebraska and Texas).

22   On September 10, 2014, the Vigils denied the amount in controversy was less than $75,000 and

23   admitted they were not "current resident[s] of the state of California" and were "current

24   resident[s] of the state of Nebraska."  Resp. Req. for Adm., Not. Rem. Ex. E, at 2-3, ECF No. 1-7.

25   After receiving this information, Waste Connections filed a notice of removal on October 9, 2014.

26   ECF No. 1.  The Vigils moved for remand on November 7, 2014.  ECF No. 5.  They argue Waste

27   Connections removed the case too late.

28   /////

2

II.      JURISDICTION

      A.      Removal Jurisdiction

A defendant may remove a state civil action to a U.S. district court which embraces the place the civil action is pending. 28 U.S.C. § 1441(a). Removal is proper only if the district court has original jurisdiction over the state action. *Id.* Congress has defined additional procedural requirements: removal may be mandatory within two particular thirty-day periods. 28 U.S.C. § 1446(b); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (2013). The Ninth Circuit has defined these periods in terms of their "triggers": "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.' The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (quoting 28 U.S.C. § 1446(b) and *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). In other words, if a defendant receives an initial pleading that "reveals" a basis for removal, or if a basis for removal is "evident" from an initial pleading, the defendant may not remove the case more than thirty days after receiving that initial pleading. *Harris*, 425 F.3d at 694.

The statute does not define "removable" or what duty a defendant has, if any, to determine whether an action may be removed. *Kuxhausen*, 707 F.3d at 1139. Some cases are clearly removable, some are clearly not, and others are "indeterminate," that is, "the face of the complaint does not make clear whether the required jurisdictional elements are present." *Id.* The Ninth Circuit, following the lead of several other federal circuit courts, held in *Harris* that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through [the defendant's] subjective knowledge or a duty to make further inquiry." 425 F.3d at 694. This is a "bright-line approach" meant to "bring certainty and predictability to the process," "avoid[] gamesmanship in pleading," and avoid "the spectre of inevitable collateral litigation" about whether the pleadings were sufficient, whether the defendant subjectively knew a case could be removed, or whether the defendant's inquiry

3

1    sufficed. *Id.* at 697.  Of course, a defendant may not feign ignorance and delay removal to a

2    strategically advantageous date. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125

3    (9th Cir. 2013).  But a plaintiff must also not prevent or delay removal by artfully sparse

4    pleading. *Id.*

5                    Here, Waste Connections contends this court has original jurisdiction over the

6    Vigils' claims on the basis of 28 U.S.C. § 1332(a)(1).  That section provides for this court's

7    original subject matter jurisdiction over all civil actions between citizens of different states in

8    which the amount in controversy exceeds $75,000. *Id.*

9            B.    Amount in Controversy

10                  The amount-in-controversy requirement is a jurisdictional requirement like any

11   other, of which defendants are not charged with notice until they have "a paper that gives them

12   enough information to remove." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th

13   Cir. 2006).  Defendants are not expected to extrapolate or make guesses about the amount in

14   controversy. *Kuxhausen*, 707 F.3d at 1140.  They need not supply information the plaintiff has

15   omitted, but must "'apply a reasonable amount of intelligence'" to decide whether a case may be

16   removed. *Id.* at 1140 (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir.

17   2001)).  If a plaintiff believes a case may be removable, and worries the defendant may

18   strategically delay removal, the plaintiff need only send the defendant a pleading or "other paper"

19   from which removability may be ascertained; the applicable thirty-day period is then triggered.

20   *Roth*, 720 F.3d at 1126.  The same plaintiff may not complain this rule unfairly allows removal.

21   If a case may truly be removed, allowing a plaintiff to conceal this fact would grant the same

22   unfair advantage denied to defendants.

23                  Here, the Vigils' agree their complaint does not state a specific amount in

24   controversy.  Mem. P.&A. Remand (Mem.) 7:4-5, ECF No. 5-1.  Instead the Vigils rely on an

25   inference from the "violent and substantial force" required to send a steel pole through a

26   windshield and their allegation of the "serious injuries" the pole caused. *Id.* at 7.  They note the

27   complaint states the action is an unlimited civil case in which the amount in controversy "exceeds

28   $25,000." *Id.*  But the complaint does not describe Mr. Vigil's injuries, his lost earnings, or any

4

specific information about his damages.  Neither does the fact of unlimited jurisdiction suffice.  *See Carvalho*, 629 F.3d at 886.  These allegations do not inform Waste Connections of the amount in controversy.  It is not "evident," "apparent," or "manifested" within "the four corners" of the complaint.  *Harris*, 425 F.3d at 693, 694-95 (emphasis omitted) (quoting *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)).  Federal courts in California generally agree the initial thirty-day deadline of § 1446(b)(1) is not triggered when the complaint does not affirmatively disclose the amount in controversy, a question frequently arising in removal of potential class actions.  *See*, *e.g.*, *Kuxhausen*, 707 F.3d at 1140-41 (rejecting, in a case in which jurisdictional amount was $5 million, reasoning of district court that "given 200 class members and given [the plaintiff's] demand for rescission of a vehicle contract exceeding $50,000, there were class-wide damages of at least $10,000,000," because complaint did not specify value of each class member's claims (internal quotation marks omitted)); *Carvalho*, 629 F.3d at 886 (finding complaint did not trigger the first thirty-day period even though plaintiff had previously made a $25,000 settlement demand and contemplated several hundred more potential plaintiffs); *Owen v. L'Occitane, Inc.*, No. 12-09841, 2013 WL 941967, at *7 (C.D. Cal. Mar. 8, 2013) (describing other similar cases).

This rule is a general one, and perhaps could give way to an exception in the right circumstances.  In *Banta v. Am. Med. Response, Inc.*, No. 11-03586, 2011 WL 2837642 (C.D. Cal. July 15, 2011), for example, the defendants claimed ignorance of the amount in controversy despite several related and similar cases, and despite their knowledge of the key facts necessary to compute potential damages.  *See* 2011 WL 2837642, at *3, 5-7.  Most courts have not adopted the same reasoning, however.  *See*, *e.g.*, *Owen*, 2013 WL 941967, at *6-7.  The *Banta* court acknowledged its decision was contrary to others in this circuit.  *See* 2011 WL 2837642, at *6 n.5.  Here, the Vigils' reliance on *Banta* is misplaced, in that this case is not amenable to a potential *Harris* exception.  The complaint is sketchy.  It provides no detail of the injuries alleged.  Imposing on Waste Connections the obligation to verify the amount in controversy would require the sort of guesswork spurned in *Harris*.  *See* 425 F.3d at 697.

/////

5

1    The case as pled in the complaint was therefore not removable.  Waste

2 Connections first became aware the amount in controversy exceeded $75,000 on September 10,

3 2014, when the Vigils answered its requests for admission.  Resp. Req. for Adm., Not. Rem.

4 Ex. E, at 2-3, ECF No. 1-7.  Responses to request for admission are "other papers" within the

5 meaning of 28 U.S.C. § 1446(b).  *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.62 (11th

6 Cir. 2007); *DeJohn v. AT & T Corp.*, No. 10-07107, 2011 WL 9105, at *2 (C.D. Cal. Jan. 3,

7 2011).  Regardless of when Waste Connections learned the parties were diverse, their notice of

8 removal was timely under 28 U.S.C. § 1446(b)(3) when filed on October 9, 2014.

9    C.    Diversity of Citizenship

10    Because the case as pled in the complaint was not removable, and Waste

11 Connections did not learn the amount in controversy exceeded $75,000 until September 10, 2014,

12 the court need not decide at what point Waste Connections became aware of the parties' diversity.

13 III.    TRANSFER

14    The parties have not raised the issue of venue before this court; however, a court

15 may raise the issue of defective venue on its own motion.  *Costlow v. Weeks*, 790 F.2d 1486, 1488

16 (9th Cir. 1986).  Section 1406(a) of Title 28 provides that a court may transfer a case "to any

17 district or division in which it could have been brought" when a case lays venue in the "wrong

18 division or district."  Venue is proper in "a judicial district in which a substantial part of the

19 events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  If venue is

20 proper, but another district or division appears a better fit, section 1404(a) of Title 28 allows

21 transfer "to any other district or division where it might have been brought" "[f]or the

22 convenience of parties and witnesses, in the interest of justice."  To determine whether transfer is

23 proper, the court must "balance the preference accorded plaintiff's choice of forum with the

24 burden of litigating in an inconvenient forum."  *Decker Coal Co. v. Commonwealth Edison Co.*,

25 805 F.2d 834, 843 (9th Cir. 1986) (citations omitted).

26    Mr. and Mrs. Vigil are citizens of Nebraska, and Waste Connections is a citizen of

27 Texas.  None of the events alleged occurred in California.  Nebraska common law appears to

28 apply to the Vigils' claims, and the evidence and witnesses are very probably in either Nebraska

6

or Texas.  The court is aware of no factor that favors litigation in this district other than the Vigils' initial choice of forum.

IV.     <u>CONCLUSION</u>

The motion to remand is DENIED.  The parties shall, within fourteen days of the issuance of this order, SHOW CAUSE why this case should not be transferred to the District of Nebraska under 28 U.S.C. §§ 1404(a) or 1406(a).

IT IS SO ORDERED.

DATED:  February 11, 2015.

_____
UNITED STATES DISTRICT JUDGE