# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY VIGIL and<br>LORI VIGIL,<br><br>               Plaintiffs,<br><br>      vs.<br><br>WASTE CONNECTIONS OF<br>NEBRASKA, INC., d/b/a<br>Schaben Sanitation,<br><br>               Defendant. | 8:15CV112<br><br><br>ORDER |

This matter is before the court on the plaintiffs' Motion for a Protective Order (Filing No. 67). The plaintiffs seek to prevent issuance of a subpoena for Anthony Vigil's cellular telephone records comprising activity on November 28, 2012. The plaintiffs filed a brief (Filing No. 68) in support of the motion. The defendant filed a brief (Filing No. 75) and an index of evidence (Filing No. 76) opposing the motion. The plaintiffs filed a brief (Filing No. 77) and an index of evidence (Filing No. 78) in reply.

## BACKGROUND

On November 28, 2012, a steel pole fell from the defendant's truck, which was traveling on a public roadway, and broke through the windshield of the plaintiffs' vehicle. **See** Filing No. 1-4 - Complaint p. 8. The steel pole struck Anthony Vigil on the head, causing him serious injuries. *Id.* Based on these events, the plaintiffs alleged the defendant's negligence caused the plaintiffs' damages. *Id.* The defendant admits it is vicariously liable for its employees' negligence causing the plaintiffs' damages. **See** Filing No. 62 - Amended Answer ¶ 3. Although the defendant admits Anthony Vigil sustained some injuries, it denies the injuries were of the nature, severity, or extent alleged and asserts Anthony Vigil failed to take reasonable steps to avoid or mitigate damages. *Id.* ¶¶ 5-6.

On February 9, 2016, the defendant filed notice providing the plaintiffs with information about the defendant's intent to issue a subpoena on February 11, 2016, to Verizon Wireless for "complete copies of all Verizon phone records for Anthony Vigil

that identify phone calls made to and from [his cellular phone], on November 28, 2012."
**See** Filing No. 65 - Notice; Filing No. 65-1 - Subpoena. The defendant's proposed subpoena requested the records be produced on February 22, 2016. *Id.*

The plaintiffs argue the telephone records are irrelevant under the circumstances because the defendant admitted liability and no issue remains about whether Anthony Vigil's conduct contributed to the accident or his injuries. **See** Filing No. 68 - Brief p. 2. The defendant contends Anthony Vigil's cellular telephone use immediately after the accident is "relevant in determining the nature and extent of injuries suffered by Plaintiff Anthony Vigil." **See** Filing No. 75 - Response p. 1. The defendant explains:

> Any calls made by Plaintiff from the accident scene or in the hours after the accident are relevant to Anthony Vigil's mental state and alertness following the accident. This is especially important when considering that the Plaintiffs' own expert relied on Vigil's mental state following the accident to help form his own expert opinion. Further, the duration of the calls, who was called, and the order in which certain individuals were called could help establish a timeline of events following the accident that reasonably leads to the discoverability of additional admissible evidence regarding the severity of Vigil's injuries.

*Id.* at 3.

The plaintiffs contend previously discovered evidence provides ample answers addressing the defendant's stated reasons for obtaining the telephone records: determining mental state and establishing a timeline. **See** Filing No. 77 - Reply p. 1. The plaintiffs argue the defendant has full access to the information sought from sources such as photographs of the scene, fire department records, medical records, and Anthony Vigil's deposition testimony. *Id.* For this reason, the plaintiffs assert the defendant has significant evidence already and the additional telephone record evidence is proportionally insignificant. *Id.* at 2, 4.

## ANALYSIS

A party may move for an order protecting disclosure or discovery. **See** Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. **See** *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999). After showing

good cause, the court may forbid the discovery or modify the disclosure by specifying the terms or method of discovery. **See** Fed. R. Civ. P. 26(c)(1)(A). Nevertheless, the federal and local rules limit a party's capacity to object to a third-party subpoena. **See** Fed. R. Civ. P. 45; NECivR 45.1. "[An] adverse party has standing to object to a third-party subpoena on grounds of relevance or to protect a personal right or privilege in the information requested." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, No. 8:06CV458, 2009 WL 1562851, at *3 (D. Neb. June 1, 2009) (**citing** *Mawhiney v. Warren Distrib., Inc.*, No. 8:05CV466, 2007 WL 433349, at *1 (D. Neb. Feb. 7, 2007), aff'd, 283 Fed. Appx. 424, No. 07-2753 (8th Cir. July 10, 2008); *Union Pac. R.R. Co. v. Mike's Train House, Inc.*, No. 8:05CV575, 2006 WL 1134781, at *3 (D. Neb. Apr. 25, 2006)). The plaintiffs contend the information sought is irrelevant. "A party does have standing to move for a protective order if a third-party subpoena seeks irrelevant information." *Streck, Inc.*, 2009 WL 1562851, at *3 (**citing** *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)). Additionally, there can be no dispute the plaintiffs hold a personal right and confidentiality interest in the telephone records. Accordingly, the plaintiffs have standing to contest issuance of the subpoenas.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). Despite the change in terminology for Rule 26(b)(1), the relevancy parameters remain. "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); **see** Fed. R. Civ. P. 26(c)(1). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. **See** *Cervantes v. Time, Inc.*, 464 F.2d

3

986, 994 (8th Cir. 1972). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The court has authority to limit the scope of discovery. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003).

The court evaluates the proportionality of the discovery sought by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The plaintiffs acknowledge the issue surrounding the documents sought by the defendant is important; in fact, the only remaining issue in this case is the plaintiffs' damages stemming from Anthony Vigil's injuries. **See** Filing No. 67 - Motion p. 1. Similarly the plaintiffs acknowledge the amount in controversy is not small. **See** Filing No. 77 - Reply p. 2. The parties' resources do not impact this discovery issue. Likewise, the plaintiffs do not suggest the burden or expense of obtaining the discovery impact the dispute. Accordingly, the germane elements of the proportionality assessment are the parties' relative access to relevant information and the importance of the discovery in resolving the issues. The information sought is indisputably important for the parties to resolve the amount of the plaintiffs' damages. However, while the defendant lacks access to the telephone records themselves, the plaintiffs contend the defendant does have access to the information which may be garnered from the records. *Id.* at 1. Ultimately, the court must determine whether the telephone records are cumulative of other previously attained evidence to the point of being irrelevant. The court finds they are not.

Despite the defendant's access to a variety of discovery providing evidence of Anthony Vigil's mental state and the timeline of events, part of the discovery necessarily leaves gaps or creates ambiguities. For example, the photographs, fire department

records, and medical records are limited in the information reported.  Additionally, the discovery relied upon includes Anthony Vigil's own deposition testimony.  Anthony Vigil admits, among other things, he does not know if he lost consciousness because he does not remember.  **See** Filing No. 78 - Ex. 3 Vigil Depo. p. 57.  The defendant need not accept such evidence without exploring alternative sources, which may complete, confirm, or deviate from Anthony Vigil's deposition testimony and the other documentary materials.  Although the telephone records may be cumulative of some current evidence, they may also lead to the discovery of other witnesses or evidence, which may, in turn, be relevant and material.  The records are relevant to the claims and defenses and proportional to the needs of the case.  For these reasons, the court finds the plaintiffs failed to meet their burden to show good cause exists to impose a protective order preventing issuance of a subpoena for Anthony Vigil's cellular telephone records comprising activity on November 28, 2012.  Upon consideration,

**IT IS ORDERED**:

The plaintiffs' Motion for a Protective Order (Filing No. 67) is denied.

Dated this 27th day of April, 2016.

                                                  BY THE COURT:

                                                  s/ Thomas D. Thalken
                                                 United States Magistrate Judge